# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| TAMMY BRAWNER and GREG BRAWNER, | § § § | |
| Plaintiffs, | § § | No. 3:17-cv-108-JRG-HBG |
| v. | § § | Jury Demanded |
| SCOTT COUNTY, TENNESSEE, LISA TERRY, TIFFANY BYRGE, AMY NICELY DEREK PHILLIPS, SHANE MASON, BRITTANY BROWN, unknown John and Jane Doe jail officers, | § § § § § § § | |
| and | § § | |
| ADVANCED CORRECTIONAL HEALTHCARE ("ACH"), BRITTANY MASSENGALE, LPN, | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS LISA TERRY, TIFFANY BYRGE, AMY NICELY, DEREK PHILLIPS, SHANE MASON AND BRITTANY BROWN**

Come the Plaintiffs, by and through counsel, and would respond in opposition to the renewed[1] motion for judgment on the pleadings of Defendants Lisa Terry, Tiffany Byrge, Amy Nicely, Derek Phillips, Shane Mason and Brittany Brown as follows:

---

[1] This renewed motion for judgment on the pleadings is in response to Plaintiffs' filing of the Second Amended Complaint.

1

## STANDARD OF REVIEW

"The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Williams v. United States, 754 F. Supp. 2d 942, 946 (W.D. Tenn. 2010) (quoting Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009)).

Turning to the motion to dismiss standard: a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. McDaniel v. Sevier Cnty., Tenn., No. 3:12-CV-208, 2013 U.S. Dist. LEXIS 36608, at *3 (E.D. Tenn. Mar. 18, 2013). In considering this motion, this Court must take as true all factual averments contained in the Complaint.[2] Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir. 1999). Indeed, "a well pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, the complaint "must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." Id. (internal citations and quotations omitted). As this Court has previously stated, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" McDaniel, 2013 U.S. Dist. LEXIS 36608, at *4 (quoting Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011)).

---

[2]The requirement to take all factual allegations in the Complaint as true applies equally to the motion for judgment on the pleadings. See Monroe Retail, 589 F.3d at 279 ("[A]ll well-pleaded material allegations of the pleadings of the opposing party [are] taken as true . . . .") (quoting JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007)).

In the context of a section 1983 claim, a plaintiff must demonstrate that a person acting under color of state law deprived her of a right secured by the constitution, treaties or laws of the United States. See Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir. 1998); O'Brien v. City of Grand Rapids, 23 F.3d 990, 995 (6th Cir. 1994); Russo v. City of Cincinnati, 953 F.2d 1036, 1042 (6th Cir. 1992).

## LAW AND ARGUMENT

**I.     UNDER THE TWOMBLY PLEADING STANDARD, PLAINTIFFS' SECOND AMENDED COMPLAINT STATES A FEDERAL CIVIL RIGHTS CAUSE OF ACTION AGAINST THESE DEFENDANTS FOR THEIR DELIBERATE INDIFFERENCE TO PLAINTIFF'S RIGHT TO ADEQUATE MEDCAL CARE FOR A SERIOUS MEDICAL NEED AND FOR EXCESSIVE FORCE.**

The current motion is not challenging the sufficiency of the evidence after discovery has occurred, see Fed. R. Civ. P. 56; rather, it is simply challenging whether the Second Amended Complaint, with its factual allegations taken as true, states a cause of action against these Defendants. Notwithstanding, the Defendants reference and would ask the Court to rely on detention facility documents which they claim are exculpatory in nature. Initially, and again, the Plaintiffs would note that this motion challenges the allegations in the Second Amended Complaint and not what the evidence will ultimately reveal the truth to be in this matter. In any event, this Court cannot rely on those documents without converting this motion to one for summary judgment after discovery has occurred. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is

3

pertinent to the motion."). Finally, the Defendants' self-serving documents should in no way be dispositive in this matter. Indeed, the Plaintiff was tased, has taser marks, and alleges she was tased in the Complaint. These Defendants should not be entitled to dismissal of the excessive force claim, at least at this point of the proceedings, simply because Brawner has no memory of who tased her and because no jail document exists, noting which of these Defendants tased her.

A. **Plaintiffs' Second Amended Complaint Alleges a Constitutional Violation Against all of the Individual Jailer Defendants Based on Their Deliberate Indifference to Brawner's Serious Need for Adequate Medical Care.**

This Court has noted the following requirements for a cognizable cause of action where a prisoner or pre-trial detained has alleged a violation of her right to adequate medical care:

> The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004).
> The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. Id. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." Carter v. City of

4

> Detroit, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" Johnson v. Karnes, 398 F.3d 868, 875 (6th Cir.2005) (quoting Farmer v. Brennan, 511 U.S. at 836).
>
> Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. See Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. See also Gibson v. Matthews, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

McDaniel, 2013 U.S. Dist. LEXIS 36608, at **7-9.

The Defendants' entire motion essentially contends the Second Amended Complaint fails to aver that they acted with deliberate indifference to Brawner's well-established, constitutionally-protected right to adequate medical care for a serious medical need. The Defendants' contention in this regard is not well taken.

The Second Amended Complaint alleges that Plaintiff revealed upon intake that she was taking medically-necessary prescription medications to prevent seizures, including numerous anti-convulsant medications and that all of the individual Defendants named in this action had actual knowledge of this fact. (Second Am.

5

Compl. ¶¶ 16-19, 31-32). Unlike the assertion by Defendants in their motion, that is not a conclusory allegation.

The Second Amended Complaint further alleges that neither any of the jailer Defendants nor anyone else provided Plaintiff any of her medically-necessary medications to prevent seizures. (Second Am. Compl. ¶¶ 20, 27, 31). The Second Amended Complaint then alleges that because of the individual jailers' refusal to provide Plaintiff any of her anti-convulsant medications, she began to experience numerous seizures. (Second Am. Compl. ¶¶ 25-26). The Second Amended Complaint next alleges these individual jailer Defendants had actual knowledge of her physical manifestations consistent with experiencing a seizure and had actual knowledge that she was suffering from seizures. (Second Am. Compl. ¶¶ 30, 32). The Second Amended Complaint alleges that despite Plaintiff experiencing numerous seizures from June 29, 2016 until July 7, 2016, these individual Defendants failed to provide Plaintiff adequate medical care. (Second Am. Compl. ¶ 33). Again, these are not conclusory allegations.[3]

After the jail finally decided to send Plaintiff to the hospital because of her continued seizures, the Second Amended Complaint alleges that jail and its medical staff failed to inform the hospital that Plaintiff had not been given her anti-convulsant medications. (Second Am. Compl. ¶ 37). The Second Amended Complaint then alleges

---

[3] The jail in question is part of the Scott County Justice Center. The facility is not large. It is certainly permissible for the Plaintiffs to have alleged that every single jailer had absolute knowledge of her seizures and the lack of medical treatment since they thought she was faking it. Indeed, based on the facts contained within Scott County's own documents, the jury would be well within its purview--even if no other evidence is discovered or presented--to draw a reasonable inference from the facts alleged and conclude that all of these Defendants disregarded a risk they perceived.

6

that after Plaintiff was returned to the jail from the hospital, Plaintiff began experiencing more seizures of which Defendant Nicely had actual knowledge but failed to provide her medical care, instead she simply called the facility doctor but he did not treat Brawner. (Second Am. Compl. ¶ 47). After the call, Brawner "continued to have seizures" without treatment. Id.

Finally, the Amended Complaint alleges that the failure to provider her the medically-necessary medications and the failure to provide her any medical care for her seizures caused Plaintiffs to suffer injuries and damages that would not have otherwise occurred, including permanent injuries. (Second Am. Compl. ¶¶ 60-61).

Taking the averments and factual allegations as true and viewing them in a light most favorable to the Plaintiffs, the Second Amended Complaint states a cause of action against the individual jailer Defendants under both the objective and subjective components. Objectively, Plaintiff has affirmatively averred that she was suffering from a serious medical need -- namely, that in the absence of the medications in question, she could have life threatening seizure and the multiple seizures thereafter resulting from not being provided her medications. Thus, she has demonstrated that she was '"incarcerated under conditions posing a substantial risk of serious harm."' Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).

Subjectively, Plaintiff's Second Amended Complaint alleges that all the individual Defendants knew that Plaintiff arrived at the jail under prescriptions for medically-necessary medications to prevent brain seizures and that they all knew she

was experiencing numerous seizures. The Second Amended Complaint further alleges that these individual Defendants recklessly disregarded these risks to Plaintiff's health by taking no action whatsoever to obtain the medications for her to prevent the seizures or after the seizures occurred, to provide her any medical care for them whatsoever—until they finally sent her to the hospital on July 7, 2016. The Second Amended Complaint further alleges that after experiencing more seizures upon her return from the hospital, Defendant Nicely failed to provide her any medical care for those seizures. Rather, she called the doctor and left a message. She utterly failed to afford Brawner medical care for the recurring seizures. Finally, although not itself an allegation of failure to provide medical care, the Second Amended Complaint's averments regarding these individual jailers' belief that Plaintiff was "faking it" and their removal of her from the cell she was in to another one wherein a taser was used on her to make her stop "faking it" should be considered nevertheless in the context of these Defendants' reckless disregard of her objectively serious medical condition. (Second Am. Compl. ¶¶ 28-30, 52).

> **B.** **Plaintiffs' Second Amended Complaint Alleges a Constitutional Violation Based on Excessive Force Against all of the Individual Jailer Defendants.**

The Fourth Amendment to the United States Constitution, made applicable to the State of Tennessee through the Due Process Clause of the Fourteenth Amendment, prohibits the use of excessive force by arresting officers. <u>Smoak v. Hall</u>, 460 F.3d 768, 783 (6th Cir. 2006). Substantively, the Fourth Amendment "guarantees citizens the right to be secure in their persons . . . against unreasonable . . . seizures." <u>Graham v. Connor</u>,

490 U.S. 386, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989). Excessive force "is unreasonable and thus violates the Fourth Amendment." Rudlaff v. Gillispie, 791 F.3d 638, 641 (6th Cir. 2015) (citing Graham). The Sixth Circuit in this regard has noted:

> Whether an officer's use of force in effecting an arrest violates the Fourth Amendment is a question of whether his actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. . . . The test is reasonableness at the moment force is used, judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The court must carefully balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. . . . Three factors guide this balancing: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. . . . Though important, these factors are not the end of the matter, as the court ultimately must determine whether the totality of the circumstances justifies a particular sort of seizure.

Martin v. City of Broadview Heights, 712 F.3d 951, 958 (6th Cir. 2013) (citing Graham factors) (quotation marks omitted).

In this circuit, courts apply the same objective reasonableness standard for a pre-trial detainee, like Plaintiff, from her transfer from the arresting officer's custody until the detainee's probable cause hearing. See Aldini v. Johnson, 609 F.3d 858, 865-67 (6th Cir. 2010); see also Laury v. Rodriguez, 659 Fed. Appx. 837, 2016 WL 4473242, at *4 (6th Cir. 2016) (citing Aldani in identifying Fourth Amendment as the standard that applies to a pre-probable cause hearing detainee and analyzing the claim using the Graham factors); cf. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015)

(employing similar standard to pretrial detainee's excessive force claim and applying the following factors: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.").

In this case, the Second Amended Complaint initially alleges that Plaintiff was a pre-trial detainee, and therefore, the Aldini and Kingsley cases apply. (Second Am. Compl. ¶¶ 11-12). As to the excessive force claim, the Second Amended Complaint alleges that because the individual Defendants thought the Plaintiff was "faking it," and not actually suffering multiple seizures, they decided to remove her from the jail cell she was in, take her to another cell, and employ a taser on her to make her stop faking it. (Second Am. Compl. ¶¶ 25-28). The Amended Complaint does not allege which officer actually employed the taser weapon against Plaintiff because "she has little to no memory of her time in the Scott County Jail after she began experiencing seizures." (Second Am. Compl. ¶ 44).

When considering these allegations of the Second Amended Complaint, when taken as true, and applying them to the Kingsley test, the Second Amended Complaint states a cause of action for excessive force against these Defendants because it is utterly incomprehensible that these Defendants employed a taser on Plaintiff because they thought she was faking her seizures. Indeed, all of those factors weigh in favor of Plaintiffs.

Although at the time of the filing of the Second Amended Complaint, Plaintiff was provided jail records, those records would not have assisted her in pleading this excessive force claim because they are devoid of any use of force report. Indeed, these Defendants deny the allegations of the Second Amended Complaint regarding the use of the taser. However, Plaintiff Tammy Brawner entered the jail facility without any marks or wounds on the inside of her right leg but woke up in the hospital with taser marks. Therefore, to the extent this Court would in any way consider dismissing these Defendants from this case at this time based upon Plaintiffs' inability to allege which officer actually employed the taser on her, she would seek leave to amend so that she may assert a claim for conspiracy and municipal liability based on the Defendant County's supervisory officials' ratification of these Defendants' denial of the use of the taser and the cover-up of the same.

**II. THIS COURT SHOULD NOT REMAND THE SUPPLEMENTAL JURISDITION CLAIMS.**

Because the supplemental jurisdiction claims obviously arose out of the same set of operative facts as the section 1983 claims, this Court should retain jurisdiction over them. See 28 U.S.C. §1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for Judgment on the Pleadings in its entirety.

Respectfully submitted this **8th** day of **January, 2018**.

**/s/ Darren V. Berg, Esq.**
**Darren V. Berg, Esq. (BPR #023505)**
1722 Meadow Chase Lane
Knoxville, TN 37931
(865) 773-8799

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

this **8th** day of **January, 2018**.

**/s/ Darren V. Berg, Esq.**
**Darren V. Berg,**
*Attorney for Plaintiffs*