UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TAMMY BRAWNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-CV-108-JRG-JEM |
| SCOTT COUNTY, TENNESSEE, | ) ) ) |
| Defendant. | ) ) |

### REPORT AND RECOMMENDATION

This action is before the Court on the Motion to Enforce Attorney's Lien Filed by Weldon Patterson, Esq. and Show Cause [Doc. 248],[1] which the District Judge referred to the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for disposition or for a report and recommendation as may be appropriate [Doc. 249]. Plaintiff filed a response in opposition [Doc. 253], and Mr. Patterson filed a reply [Doc. 256]. The Court granted Plaintiff's motion for a status conference regarding the motion [Doc. 259], and the Court held a hearing [Doc. 261]. Present for Plaintiff was attorney Richard Collins, present for Defendant was attorney Arthur Knight, and present for Mr. Patterson were attorneys James Wright and Grant Mitchell [*Id*.]. Afterwards, the Court ordered the parties to file supplemental briefs addressing the Court's jurisdiction to entertain Mr. Patterson's motion and the impact, if any, of the stipulation of dismissal filed in this case on the Court's jurisdiction [Doc. 262]. Plaintiff filed her supplemental brief [Doc. 263], and Mr. Patterson filed his supplemental brief [Doc. 265]. This matter is now

---

[1] While initially filed by Mr. Patterson, other attorneys from his law firm, Butler, Vines & Babb, P.L.L.C., later appeared at the hearing and filed the post-hearing brief [Docs. 261 & 265]. For ease of reference, the undersigned will refer to the matter as Mr. Patterson's motion.

ripe for the Court's consideration. For the reasons explained below, the undersigned recommends that the District Judge dismiss on the grounds of jurisdiction.

I.  BACKGROUND

This is a civil rights action, which was initially filed by Plaintiffs' former counsel, Darren Vincent Berg, on March 24, 2017 [Doc. 253 p. 1].[2] Plaintiffs named nine defendants in the Complaint [*Id*. at 2]. At the time, Mr. Berg was a partner and member of the law firm Butler, Vines & Babb, P.L.L.C. [*Id*. at 1–2]. Mr. Berg left the firm in October 2017 [*Id*. at 2]. According to Plaintiffs, they chose to remain clients of Mr. Berg [*Id*.].[3] In October 2017, Mr. Patterson and Butler, Vines & Babb filed a Motion for Leave to File Second Amended Complaint to Add Additional Parties and Claims [Doc. 56]. Mr. Berg's signature was not included on this motion [*Id*. at 4]. The Court allowed the amendment, and Mr. Patterson filed a Second Amended Complaint adding claims of medical malpractice against two new defendants [Doc. 253 p. 2 (citing Doc. 64)]. Mr. Patterson withdrew as counsel in January of 2018 [Docs. 93 & 99].

Immediately after Mr. Patterson's withdrawal, the firm of Butler, Vines & Babb filed a Notice of Attorney's Lien [Doc. 100], which is the focus of the current dispute. In the notice, Mr. Patterson submitted that the law firm "provided good and valuable professional services to the Plaintiffs, has advanced litigation costs and expenses" and filed the "lien for professional services rendered and expenses advanced pursuant to an agreement between the parties and all applicable law, including, but not limited to, T.C.A. § 23-2-102" [*Id*.].

---

[2]   Mr. Patterson is included in the signature block of the Complaint [Doc. 1].

[3]   Mr. Patterson explains that Plaintiffs originally represented that they wanted Butler, Vines & Babb to remain as counsel of record [Doc. 256-1 ¶ 11]. Later, Mr. Brawner indicated that Plaintiffs wanted Mr. Berg as their counsel of record [*Id*. ¶ 12].

2

The next month, via Mr. Berg, Plaintiffs moved to voluntarily dismiss certain defendants [Doc. 101]. And shortly after that, Mr. Berg associated attorneys, Richard Collins and Dan Channing Stanley, who appeared on behalf of Plaintiffs [Docs. 112 & 116]. The filing of the motion to dismiss was Mr. Berg's last appearance before his termination two years later [Doc. 212]. Mr. Collins and Mr. Stanley represented Plaintiff Tammy Brawner during trial [Doc. 253 p. 3].[4] After the close of proof, Defendant moved for judgment as a matter of law pursuant to Rule 50(a) [Doc. 201 p. 3]. The District Judge granted this motion [*id*. at 28], and Plaintiff appealed [Doc. 203]. Mr. Collins and Mr. Stanley represented Plaintiff on appeal [Doc. 253 p. 3]. On September 22, 2021, the United States Sixth Circuit Court of Appeals reversed and remanded the case for further proceedings [Doc. 211]. It issued the mandate on December 9, 2021 [Doc. 215].

Following the appeal, Mr. Berg "engaged in conduct which led to his termination by the Brawners" [*Id*. (citing Doc. 212)]. Mr. Berg filed a notice of attorney's lien [Doc. 214]. In March 2023, United States Chief District Judge Travis R. McDonough suspended Mr. Berg from practicing in the Eastern District of Tennessee for a period of five years [Doc. 253 p. 3 (citing Case No. 1:23-dm-0001, Order of Suspension, Doc. 3)]. Later, Plaintiff and Defendant participated in mediation and settled the remaining claims [Doc. 243]. On May 4, 2023, the parties filed a Stipulation of Dismissal with Prejudice [Doc. 245].

Mr. Patterson learned of the settlement in this case, and on June 15, 2023, filed a Motion to Enforce Attorney's Lien Filed by Weldon Patterson, Esq. and Show Cause [Doc. 248]. Mr. Patterson requests that the Court "conduct a show cause hearing and related in-camera review of

---

[4] Plaintiff's husband, Gregory Brawner, was originally a plaintiff in this case alleging a claim for loss of consortium [*See* Doc. 1]. During the trial, the parties agreed to dismiss his claim [Doc. 201 p. 2].

3

pertinent documents related to settlement and resolutions of this case, including financial documents" [*Id.* at 1 (citing Docs. 120, 121 & 244)].

Plaintiff opposes the motion and asserts that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) "because this action has terminated, because the Court is not in control or custody of settlement funds, and because Mr. Patterson's claims require additional pleading, presentation of defenses, discovery, and evidentiary hearing or trial" [Doc. 253 p. 1]. Mr. Patterson replied, asserting that the Court has jurisdiction to address his motion under 28 U.S.C. § 1367(a) [Doc. 256 pp. 1–2].

The Court granted Plaintiff's motion for a status conference regarding the motion [Doc. 259], and the Court held a hearing [Doc. 261]. Following the hearing, the Court ordered the parties to file supplemental briefs addressing the Court's jurisdiction to entertain Mr. Patterson's motion and the impact, if any, of the Stipulation of Dismissal on the Court's jurisdiction [Doc. 262]. Plaintiff filed her supplemental brief [Doc. 263], and Mr. Patterson filed his supplemental brief [Doc. 265]. This matter is now ripe for the Court's consideration. For the reasons that follow, the undersigned recommends that the District Judge dismiss on the grounds of jurisdiction.

**II.     ANALYSIS**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340,

4

Case 3:17-cv-00108-JRG-JEM    Document 266    Filed 02/05/24    Page 4 of 13
PageID #: 2494

344 (6th Cir. 2008) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). The Court may review its jurisdiction sua sponte. *Bonner v. Perry*, 564 F.3d 424, 426 (6th Cir. 2009) (citation omitted).

This Court exercised jurisdiction over the underlying action because Plaintiff asserted claims arising under the laws of the United States, namely 42 U.S.C. § 1983 [Doc. 1]. The case concluded when Plaintiff and Defendant entered a voluntary stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) [Doc. 245].[5] The question, therefore, is whether the Court can exercise jurisdiction over the attorney's lien dispute now that the case has closed.[6]

"[T]he doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly

---

[5] Several stipulations of dismissal with prejudice were filed in this case [*See* Docs. 69, 73, 120, 121 & 182]. Some specifically referenced Rule 41(a)(1)(A)(ii), some did not.

[6] Neither party has asserted that the Court has federal question or diversity jurisdiction over this matter. The undersigned finds that the Court has neither. Mr. Patterson seeks the Court's review of the settlement agreement [*See, e.g.*, Doc. 256 p. 3 (asking the Court to conduct an in-camera review of the settlement terms and related documents and craft a show cause order so that it can enforce the lien "by declaring that it applies to Plaintiff's recovery")]. Reviewing a settlement agreement is a matter of state law, *MLW Assocs., Inc. v. Certified Tool & Mfg. Corp.*, 106 F. App'x 307, 312 (6th Cir. 2004), *Ali v. Betts*, No. 1:18-CV-1201, 2021 WL 8323628, at *1 (W.D. Mich. Dec. 17, 2021), *report and recommendation adopted by* No. 1:18-CV-1201, 2022 WL 1442996 (W.D. Mich. May 6, 2022), so there is no federal question upon which to base jurisdiction, 28 U.S.C. § 1331. And there is no federal question jurisdiction to the extent that Mr. Patterson seeks a determination about his attorney's fees arrangement. *See Kalyawongsa v. Moffett*, 105 F.3d 283, 287 (6th Cir. 1997) (noting that "attorneys' fee arrangements are contracts under state law"). Nor are the parties diverse, as it appears they are all citizens of Tennessee, which means there can be no diversity jurisdiction. 28 U.S.C. § 1332.

5

before them." *Kokkonen*, 511 U.S. at 378. The Supreme Court has instructed that federal courts may exercise ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379–80; *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). "The first and well-known purpose—ancillary jurisdiction over factually interdependent claims—is codified as part of 28 U.S.C. § 1367." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014) (citation omitted); *see also Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996) ("Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367.")). And "the second, less common purpose[,]" *Torlakson*, 762 F.3d at 966, provides "'jurisdiction over related *proceedings* that are technically separate from the initial case that involved federal subject matter jurisdiction,'" 13 Charles Alan Wright et al., *Federal Practice & Procedure* § 3523.2 (3d ed.). Mr. Patterson's motion raises issues about the Court's ancillary jurisdiction to review a settlement agreement and its ancillary jurisdiction over an attorney's fees arrangement. *See id*.

"In the context of settlement agreements, a federal court can exercise ancillary jurisdiction over a subsequent action involving the settlement only if the settlement terms are 'made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *202 N. Monroe, LLC v. Sower*, 850 F.3d 265, 270 (6th Cir. 2017) (quoting *Kokkonen*, 511 U.S. at 381). The final stipulation here[7] did not include any language that would allow the Court

---

[7] While the undersigned discusses the final stipulation of dismissal in this action, none of the stipulations of dismissal contain such language [*See* Docs. 69, 73, 120, 121 & 182].

to retain jurisdiction over the settlement agreement entered into by the parties [*See* Doc. 245]. Nor did the Court enter an order with any such language, and it did not have to do so. The Rule 41(a)(1)(A)(ii) stipulation operated to close this case on the merits. *See Homesite Ins. Co. of the Midwest v. Robards*, No. 3:13–CV–515–TAV–CCS, 2014 WL 359823, at *2 (E.D. Tenn. Feb. 3, 2014) ("'A voluntary dismissal with prejudice operates as a final adjudication on the merits,' and '[i]n such a case, the plaintiff's stipulation is the legally operative act of dismissal and there is nothing left for the court to do.'" (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541–42 (6th Cir. 2001))); *see also Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."). *Cf. 202 N. Monroe*, 850 F.3d at 270–71 (finding the court had ancillary jurisdiction because it included terms of the settlement in its consent judgment). In other words, to the extent the parties ask the Court to review the settlement agreement, this case "raise[s] a *Kokkonen* jurisdictional defect." *Exact Software N. Am. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013).

Mr. Patterson's motion was not filed until after the close of this case pursuant to the Stipulation of Dismissal [Doc. 245]. "At this juncture, there is no civil action suit pending in this Court that contains one or more claims over which the Court has original subject matter jurisdiction which can support and allow the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over [Mr. Patterson's motion]." *Perkins v. Booker*, No. 2:08-cv-97, 2011 WL 3664689, at *5 (W.D. Mich. Aug. 19, 2011).[8] "There is nothing in *Kokkonen* and the Sixth Circuit precedent

---

[8] Further, § 1367(c)(3) "provides that the Court may decline to exercise supplemental jurisdiction over a related claim under § 1367(a) if the Court has dismissed all claims over which it has original jurisdiction." *Perkins*, 2011 WL 3664689, at *6. That appears appropriate here for reasons further explained below. *See id.* (declining to exercise supplemental jurisdiction over a motion to enforce a settlement agreement after underlying action was dismissed).

7

interpreting and applying *Kokkonen* that allows this Court to grant the request by [Mr. Patterson] to exercise supplemental jurisdiction over his motion to [review] the settlement agreement." *Id.* (citation omitted)).[9]

To the extent this dispute is described as one regarding the determination or recovery of attorney's fees, which is somewhat unclear,[10] the undersigned would also recommend that the District Judge dismiss on the basis of jurisdiction. "It is well-settled that district courts have ancillary jurisdiction over disputes between attorneys and their clients regarding the amount of fees due to the attorney for work performed in the underlying suit." *Popovich v. Sony Music Entm't, Inc.*, No. 1:02-cv-359, 2009 WL 10722754, at *2 (N.D. Ohio March. 30, 2009) (citations omitted). But "courts have declined ancillary jurisdiction over disputes between attorneys regarding the division of fees." *Id.* (citations omitted). *See also Brettschneider v. City of New York*, No. 15-CV-4574-CBA-SJB, 2020 WL 5984340, at *6–11 (E.D. N.Y. Aug. 25, 2020) (explaining that "[c]ases involving the exercise of ancillary jurisdiction for a fee dispute usually involve at least one party to the litigation, i.e., the dispute is between a party and his or her attorney about the fees to be paid" and citing and discussing cases from various jurisdictions), *report and*

---

[9]  During the hearing, counsel for Mr. Patterson cited *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), in arguing that a stipulation of dismissal does not deprive the Court of jurisdiction to hear collateral matters. In *Cooter*, the Supreme Court addressed whether the plaintiff could deprive the court of jurisdiction to impose Rule 11 sanctions by filing a stipulation under Rule 41(a)(1)(i). *Id*. at 393–94. The Court noted, "It is well established that a federal court may consider collateral issues after an action is no longer pending. *Id*. at 396. It reasoned that "[e]ven if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred" and that courts need to "deter such misconduct." *Id*. at 398. While the motion raises issues of professional misconduct, it does so in the context of a state law issue, not Rule 11.

[10]  At the hearing, counsel for Mr. Patterson asserted that the motion seeks for the Court to inspect the settlement agreement, declare the lien valid, and declare the amount of the lien. Yet, in supplemental briefing, Mr. Patterson states that he is not "seeking a judgment through [the] motion, [n]or to impose liability for satisfaction of its lien upon a particular person" [Doc. 265 p. 5].

8

*recommendation adopted by* 2020 WL 5981681 (E.D.N.Y. Oct. 8, 2020). Even so, the Sixth Circuit "has upheld a district court's exercise of jurisdiction over a fee dispute between attorneys[,]" *Popovich*, 2009 WL 10722754, at *2 (citing *Maltman v. Consol. Rail Corp.*, 993 F.2d 1547, 1993 WL 152064, at *2–3 (6th Cir. 1993)),[11] and, as Plaintiff and Mr. Patterson acknowledge [*see* Doc. 253 pp. 6–7; Doc. 265 p. 2], it is left to the district court's discretion whether to exercise jurisdiction, *Popovich*, 2009 WL 10722754, at *2 (citing *Kalyawongsa v. Moffett*, 105 F.3d 283, 287 (6th Cir. 1997)).

In *Kalyawongsa v. Moffett*, the Sixth Circuit addressed whether a court has jurisdiction over an attorney's fee dispute arising out of the main action before the court:

> Lawyers are officers of the court. Their fees are part of the overall costs of the underlying litigation. Resolution of related fee disputes is often required to provide a full and fair resolution of the litigation. Unlike a state court judge hearing a separate contract action, a federal judge who has presided over a case is already familiar with the relevant facts and legal issues. Considerations of judicial economy are at stake. Thus, we hold that although attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action. The fact that the district court here incorporated the fee awards into the judgment by essentially perfecting a lien which it had the power to declare does not change this jurisdictional analysis.

*Id.* at 287–88. While the Sixth Circuit said that courts are "require[d]" to exercise supplemental jurisdiction over fee disputes related to the main action, district courts have questioned whether the use of "requires" "mean[s] that a district court *must* exercise jurisdiction over any attorney fee dispute where that dispute is related to the main action." *TC Power Ltd. v. Guardian Indus. Corp.*, 969 F. Supp. 2d 839, 841 (E.D. Mich. 2013) (citing cases), *appeal dismissed by* 568 F. App'x 376

---

[11] *See also, e.g.*, *Exact Software N. Am.*, 718 F.3d at 540.

9

(6th Cir. 2014). They explain that the Sixth Circuit "looked to prior decisions by the Second, Third, Ninth, and Tenth Circuits" in rendering its decision in *Kalyawongsa*, and "[t]hese cases—comprising the foundation of the court's decision—used permissive language to describe district courts' authority to exercise supplemental jurisdiction in attorney fee disputes." *Id.* (citations omitted). The Sixth Circuit "even acknowledged and endorsed the permissive tone of these other rulings, noting that "other circuits have *allowed* supplemental jurisdiction over attorneys' fees disputes[,]" and that the "reasoning of [these] Circuits [was] sound." *Id.* (citation omitted).

The dispute here is one among attorneys. There is dispute about the facts related to Mr. Patterson's and Mr. Berg's representation of Plaintiff and the work they and Butler, Vines & Babb did on behalf of Plaintiff,[12] as well as issues about the contractual agreements between Butler, Vines & Babb and Mr. Berg upon his departure from that firm [*See* Doc. 256-1 ¶ 13 ("In addition to Butler, Vines & Babb's statutory charging lien, there are contractual obligations agreed upon between [Butler, Vines & Babb] and Mr. Berg.")]. According to Mr. Patterson's declaration, "Mr. Berg, as a Member of [Butler, Vines & Babb], invested significant time and resources into the case" [*Id.* ¶ 7]. Although Mr. Berg has filed his own lien [*see* Docs. 214 & 246], he has not appeared before the Court on these issues.[13] Further, Mr. Patterson and Butler, Vines & Babb assert that counsel for Plaintiff acted in contravention of the Tennessee Rules of Professional Conduct and an ethics opinion issued by the Tennessee Board of Professional Responsibility with regard to the settlement funds [*See generally* Doc. 256]. According to Mr. Patterson, Mr. Collins

---

[12] Plaintiff stated at the hearing that she intended to argue that Mr. Berg waived any entitlement to payment for his services in light of his conduct in this case.

[13] On November 4, 2021, attorney Russell L. Egli appeared on behalf of Mr. Berg [Doc. 213] and filed a lien on Mr. Berg's behalf [Doc. 214]. But on July 11, 2023, Mr. Egli filed a motion to withdraw from representing Mr. Berg [Doc. 254], which the Court granted [Doc. 255].

and Mr. Stanley "gave assurances additional monies would be held back from the client disbursement pending resolution of [Butler, Vines & Babb's] lien" [Doc. 256-1 ¶ 15]. Despite these alleged assurances, Butler, Vines & Babb did not receive any payment [*Id.* ¶ 16].

While this Court is familiar with this action, the Court is less familiar with the facts and issues underlying the dispute about attorney's fees. And it appears that this is not a simple dispute about fees. Moreover, in opposing the motion to enforce Mr. Patterson's attorney lien, counsel for Plaintiff asserts that his "claims require additional pleading, presentation of defenses, discovery, and an evidentiary hearing or trial" [Doc. 253 p. 1]. And at the hearing, Plaintiff argued that she would seek discovery from Mr. Berg. Judicial economy would therefore weigh against the exercise of jurisdiction.

Given the preview of issues, Mr. Patterson's motion will likely result in a "case within a case." *TC Power Ltd.*, 969 F. Supp. 2d at 842. It is therefore recommended that the District Judge not exercise jurisdiction over the dispute. *See id.* (declining to exercise jurisdiction over matter in which an attorney sought to recover fees based upon a charging lien where the federal court would be "as familiar (or unfamiliar) as a state court would be in regard to the facts and legal issues vital to the charging lien/third-party beneficiary theories" and the attorneys at issue "disagree[d] over a number of these issues (*i.e.*, whether [the d]efendants had notice of the purported charging lien; how and to what extent the terms of the Settlement Agreement should be interpreted)"); *see also Brettschneider*, 2020 WL 5984340, at *5–16 (declining to exercise ancillary or supplemental jurisdiction over motions for an order to determine attorney's fees, to intervene, and to enforce an attorney's lien); *Nickell v. Bank of Am.*, No. 11-2006-STA-dkv, 2012 WL 5384165, at *2–3 (W.D. Tenn. Nov. 1, 2012) (declining to exercise supplemental jurisdiction over a fee dispute between the plaintiffs and their former attorneys where "the only claim presented in this matter over which

11

the Court has original jurisdiction is now settled"). *Cf. Edwards v. Doe*, 331 F. App'x 563, 571 (10th Cir. 2009) (finding that "[w]hile this action could have been brought in state court, the district court did not overstep its bounds in exercising supplemental jurisdiction" given that the dispute "involve[d] the two firms that represented the plaintiff in that action and involve[d] an attorney's lien claimed in that action").

In support of his argument that this Court can and should exercise jurisdiction over his motion, Mr. Patterson cites to numerous cases [Doc. 265 pp. 1 n.2]. The undersigned has reviewed those cases, but they do not convince the undersigned that a different recommendation is warranted for this case.[14] One case is worth discussion, however: *Exact Software North America v. DeMoisey*. In that case, an attorney for the defendant had been fired on the eve settlement and filed a charging lien on the settlement proceeds. 718 F.3d at 537. That attorney was sued in state court for malpractice by its client and prevailed on summary judgment. *Id*. Then, the federal district court awarded $1.4 million in quantum meruit relief after a bench trial in the underlying action. *Id*. Relevant to this recommendation, the Sixth Circuit Court of Appeals held that the district court had supplemental jurisdiction to resolve the attorney's quantum meruit claim because although the underlying case was dismissed under Rule 41(a)(1)(A), the court reserved jurisdiction over the fee dispute prior to the filing of the stipulation of dismissal. *Id*. at 540. Hence, although there was a "*Kokkonen* issue," there was not a "*Kokkonen* jurisdictional defect." *Id*. The facts here are

---

[14] For example, many of these cases relate to fee disputes between a party and attorney. *See, e.g.*, *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 197 F. App'x 915, 918 (Fed. Cir. 2006); *Clarion Corp. v. Am. Home Prods. Corp.*, 464 F.2d 444, 445 (7th Cir. 1972); *Rhoades v. Procunier*, 624 F. Supp. 564, 564 (E.D. Va. 1986); *In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 520 F. Supp. 635 (D. Minn. 1981). Others involve a judgment that referenced attorneys' fees, *Vitalone v. City of New York*, 395 F. Supp. 3d 316, 320 (S.D.N.Y. 2019), a court that maintained jurisdiction over the settlement agreement, *In re Priv. Couns. Agreement*, No. 5:98CV270, 1999 WL 1022131, at *1 (E.D. Tex. Nov. 5, 1999), or funds that were deposited with the court, *Moreno Farms, Inc. v. Tomato Thyme Corp.*, 490 F. App'x 187, 187–88 (11th Cir. 2012).

different, and the parties have not pointed to any portion of the record where the Court retained jurisdiction to hear any dispute over the attorney's lien dispute. *Cf. also Eaves v. United States*, No. 4:07CV-118-JHM, 2011 WL 13213565, at *2 (W.D. Ky. June 8, 2011) (exercising supplemental jurisdiction over attorneys' fees and litigation costs dispute between the plaintiffs and former counsel and among former counsel, but declining to exercise jurisdiction over claims of legal malpractice and fraud and "litigation loans").[15]

## III. CONCLUSION

Accordingly, the undersigned **RECOMMENDS**[16] that the District Judge **DENY** the Motion to Enforce Attorney's Lien Filed by Weldon Patterson, Esq. and Show Cause [**Doc. 248**].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[15] Counsel for Plaintiff also asserts that Mr. Patterson's motion was untimely under Local Rule 54.2, which governs attorney's fees and nontaxable expenses, because he filed it more than thirty days after the final stipulation of dismissal was filed [Doc. 253 p. 7]. Mr. Patterson asserts this rule does not apply, but if it does, that he did not have adequate notice of the dismissal [Doc. 256 pp. 2–3]. Given that the undersigned recommends that the District Judge dismiss on the basis of jurisdiction, she declines to address this argument.

[16] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).